B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Michelle L. Vieira, Chapter 7 Trustee for Malcolm F. Jones Sr. | **DEFENDANTS**<br>Judy B. Jones |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Barton Brimm, PA<br>P.O. Box 14805, Myrtle Beach, SC 29587 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐Debtor  ☐U.S. Trustee/Bankruptcy Admin<br>☐Creditor  ☐Other<br>☑Trustee | **PARTY** (Check One Box Only)<br>☐Debtor  ☐U.S. Trustee/Bankruptcy Admin<br>☐Creditor  ☑Other<br>☐Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

S.C. Code § 27-23-10 & 11 U.S.C. § 544 - Avoidance of the Transfer; 11 U.S.C. § 544 & N.C. Uniform Voidable Transfer Act - Avoidance of the Transfer; 11 U.S.C. § 550 - Recovery of Avoided Transfer; 11 U.S.C. § 548 - Avoidance of the Transfer; 11 U.S.C. § 550 - Recovery of Avoided Transfer.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑Check if this case involves a substantive issue of state law | ☐Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐Check if a jury trial is demanded in complaint | Demand $ TBD |

Other Relief Sought

Avoidance of transfer under Statute of Elizabeth; Avoidance of transfer under N.C. Uniform Voidable Transfer Act

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Malcolm F. Jones Sr. | BANKRUPTCY CASE NO. 20-03069 | |
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISION OFFICE<br>Charleston | NAME OF JUDGE<br>Duncan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Christine E. Brimm | | |
| DATE<br>09/08/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christine E. Brimm | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Malcolm Fort Jones, Sr. | ) | Case # 20-03069-dd |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Michelle L. Vieira, Chapter 7 Trustee for | ) | |
| Malcolm Fort Jones, Sr., | ) | |
| | ) | Adv. Pro. No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Judy B. Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for the Bankruptcy Estate for Malcolm Fort Jones Sr., hereby alleges against the Defendant as follows:

## PARTIES

1. On July 29, 2020 ("Petition Date"), Malcolm Fort Jones Sr. ("Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), Case No. 20-03069-dd (the "Bankruptcy").

2. The Plaintiff, Michelle L. Vieira ("Trustee"), was appointed to act as Chapter 7 Trustee of the Bankruptcy estate (the "Estate"), in which capacity she brings this action.

3. Defendant, Judy B. Jones ("Defendant") is the wife of the Debtor.

## JURISDICTION

4. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

5. This adversary proceeding arises under Case No. 20-03069-dd.

6.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 157, and Local Civil Rule 83.IX.01 DSC.

7.  This is a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(A), (H) and (O).

8.  Plaintiff consents to the entry of final order or judgment by the Bankruptcy Court.

## FACTS

### *The Cabin*

9.  In 2006, Debtor and Defendant bought real property located at 104 Blumingway Circle, Linville, North Carolina 28648 (the "Cabin").

10. On November 6, 2015, the Debtor transferred his one-half undivided interest in the Cabin to Defendant (the "Cabin Transfer").

11. The Debtor received no consideration for the Cabin Transfer.

12. The Cabin Transfer was voluntary.

13. At the time of the Cabin Transfer, the Debtor was indebted to one or more creditors with an allowable claim as of the Petition Date (the "Triggering Creditor"), namely Central Penn Capital Management, LLC, which filed claim No. 4 in the Bankruptcy.

14. Upon information and belief, the Debtor transferred his interest in the Cabin to Defendant to keep it out of reach of the Debtor's creditors.

### *The House and Condo*

15. Debtor held a 10% ownership interest in real property located at 3083 Morningside Drive, Mount Pleasant, SC 29466 (the "House"), and Defendant held the other 90% interest.

16. On May 17, 2018, Debtor and Defendant sold the House to a third party and received net proceeds of $179,182.55 from the sale.

17. That same day, Defendant purchased real property located at 60 Fenwick Hall Allee, #613 Johns Island, SC 29455 (the "Condo"), and titled the Condo solely in her name.

18. Upon information and belief, the Debtor's interest in the proceeds from the sale of the House (the "Debtor's House Proceeds") were transferred to and/or used for the benefit of the Defendant.

19. Upon information and belief, there was no consideration from Defendant to Debtor for the Debtor's House Proceeds.

20. The Defendant has since sold the Condo, with 100% of the sale proceeds going to the Defendant.

## FIRST CAUSE OF ACTION
### (S.C. Code § 27-23-10 & 11 U.S.C. § 544 – The Cabin Transfer – Constructive Fraud)

21. Plaintiff repeats and incorporates the allegations in the above paragraphs as if set forth verbatim herein.

22. The Cabin Transfer constitutes a transfer of an interest of the Debtor in property.

23. The Cabin Transfer was a voluntary transfer from the Debtor to Defendant.

24. The Cabin Transfer was without valuable consideration.

25. At the time of the Cabin Transfer, the Debtor was indebted to the Triggering Creditor.

26. The Triggering Creditor continues to have an allowable unsecured claim as of the Petition Date.

27. The Debtor failed to retain sufficient property to pay the indebtedness due to the Triggering Creditor.

28. The Transfer constitutes constructive fraud pursuant to S.C. Code § 27-23-10.

29. The Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11 U.S.C. § 544.

## <u>SECOND CAUSE OF ACTION</u>
### (S.C. Code § 27-23-10 & 11 U.S.C. § 544 – The Cabin Transfer – Actual Fraud)

30. Plaintiff repeats and incorporates the allegations in the above paragraphs as if set forth verbatim herein.

31. The Cabin Transfer constitutes a transfer of an interest of the Debtor in property.

32. Upon information and belief, the Cabin Transfer was concealed from the Debtor's creditors.

33. The Cabin Transfer was made to a family member of the Debtor.

34. Upon information and belief, the Cabin Transfer was made to keep the Cabin out of reach of the Debtor's creditors.

35. After the Cabin Transfer, the Debtor remained in physical possession and control of the Cabin.

36. The Cabin Transfer was made with the actual intent to delay, hinder or defraud the Debtor's creditors.

37. Defendant was aware or should have been aware of the Debtor's unclean motives with regard to the Cabin Transfer to her.

38. The Debtor's intent to delay, hinder or defraud his creditors is imputable to Defendant.

39. At the time of the Cabin Transfer, the Debtor was indebted to the Triggering Creditor.

40. The Triggering Creditor continues to have an allowable unsecured claim as of the Petition Date.

41. The Debtor failed to retain sufficient property to pay the indebtedness due to the Triggering Creditor.

42. The Cabin Transfer constitutes actual fraud pursuant to S.C. Code § 27-23-10.

43. The Cabin Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11

U.S.C. § 544.

## THIRD CAUSE OF ACTION
### (11 U.S.C. § 544 & N.C. Uniform Voidable Transactions Act – Cabin Transfer – Alternative Pleading)

44. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if

set forth verbatim herein.

45. The Cabin Transfer constitutes a transfer of an interest of the Debtor in property.

46. The Cabin Transfer was made to a close family member of the Debtor.

47. Upon information and belief, the Cabin Transfer was made to keep the Cabin out of reach

of the Debtor's creditors.

48. After the Cabin Transfer, the Debtor remained in physical possession and control of the

Cabin.

49. The Cabin Transfer was concealed from the Debtor's creditors.

50. The Cabin Transfer was a transfer of substantial assets of the Debtor.

51. The Debtor did not receive reasonably equivalent value for the Cabin Transfer.

52. The Debtor made the Cabin Transfer with the actual intent to hinder, delay, or defraud the

Debtor's creditors.

53. The Cabin Transfer could not have reasonably been discovered by the Triggering Creditor

more than one year before the Petition Date.

54. To the extent that the proper choice of law is North Carolina for the Cabin Transfer, the

Trustee is entitled to avoid the Transfer pursuant to North Carolina's Uniform Voidable

Transactions Act and 11 U.S.C. § 544.

## FOURTH CAUSE OF ACTION
### (11 U.S.C. § 550 & § 551– Recovery of the Debtor's Interest in the Cabin)

55. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

56. Pursuant to 11 U.S.C. § 550, to the extent a transfer is avoided under § 544 the Trustee is entitled to recover, for the benefit of the estate, the value of the property that was transferred from the initial transferee or from any immediate or mediate transferee of such transferee.

57. The Defendant is the initial transferee of the Cabin Transfer.

58. The Trustee is entitled to recover the one-half interest in the Cabin which was transferred to the Defendant, or the value thereof, pursuant to 11 U.S.C. § 550.

59. The avoided Cabin Transfer is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

## FIFTH CAUSE OF ACTION
### (S.C. Code § 27-23-10 & 11 U.S.C. § 544 – Debtor's House Proceeds)

60. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

61. Upon information and belief, the Debtor's House Proceeds were transferred to the Defendant and/or used for the Defendant's benefit (the "Proceeds Transfer").

62. The Proceeds Transfer constitutes a transfer of an interest of the Debtor in property.

63. The Proceeds Transfer was a voluntary transfer from the Debtor to Defendant and was without valuable consideration.

64. At the time of the Proceeds Transfer, the Debtor was indebted to the Triggering Creditor.

65. The Triggering Creditor continues to have an allowable unsecured claim as of the Petition Date.

66. The Debtor failed to retain sufficient property to pay the indebtedness due to the Triggering
Creditor.

67. The Proceeds Transfer constitutes constructive fraud pursuant to S.C. Code § 27-23-10.

68. The Proceeds Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and
11 U.S.C. § 544.

## SIXTH CAUSE OF ACTION
### (11 U.S.C. § 548 – Debtor's House Proceeds)

69. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if
set forth verbatim herein.

70. The Proceeds Transfer occurred within than two years of the Petition Date.

71. Debtor received less than reasonably equivalent value for the Proceeds Transfer.

72. Upon information and belief, on or around the time of the Proceeds Transfer, the Debtor
intended to incur, or believed he would incur, debts beyond the Debtor's ability to pay as
such debt matured.

73. Upon information and belief, the Debtor was insolvent at the time of the Proceeds Transfer,
or became insolvent as a result of the Proceeds Transfer.

74. Upon information and belief, at the time of the Proceeds Transfer, the Debtor was engaged
in business for which the property remaining with the Debtor was unreasonably small
capital.

75. Upon information and belief, the Proceeds Transfer was made with the actual intent to
hinder, delay, or defraud the Debtor's creditors, as evidenced by one or more badges of
fraud, including but not limited to the following:

   a. The Proceeds Transfer was to a close family member;

   b. The Proceeds Transfer was concealed from the Debtor's creditors;

    c.   And other badges of fraud to be determined at the trial of this matter.

76. The Trustee is entitled to avoid the Proceeds Transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and/or § 548(a)(1)(B).

## SEVENTH CAUSE OF ACTION
### (11 U.S.C. § 550 & § 551 – Recovery of the Debtor's House Proceeds)

77. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

78. Pursuant to 11 U.S.C. § 550, to the extent a transfer is avoided under § 548 or § 544, the Trustee is entitled to recover, for the benefit of the estate, the value of the property that was transferred from the initial transferee or from any immediate or mediate transferee of such initial transferee.

79. The Defendant was the initial transferee of the Debtor's House Proceeds.

80. Upon information and belief, the Debtor's House Proceeds were invested in the Condo by the Defendant.

81. Upon information and belief, the Debtor was entitled to a 10% interest in the Condo, and was entitled to 10% of the sale proceeds from the sale of the Condo.

82. The Trustee is entitled to recover the Debtor's House Proceeds from the Defendant, or the value thereof, pursuant to 11 U.S.C. § 550.

83. The avoided Proceeds Transfer is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

WHEREFORE, having fully set forth her Complaint, the Trustee prays that the Court grant the following relief:

    (1) Avoidance of the Cabin Transfer;

(2) Recovery of a one-half interest in the Cabin from the Defendant, or the value thereof, and preservation of the avoided transfer for the benefit of the estate;

(3) Avoidance of the Proceeds Transfer;

(4) Recovery of the value of the Proceeds Transfer from the Defendant, and preservation of the avoided transfer for the benefit of the estate; and

(5) Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED on this the 8th day of September, 2021.


        BARTON BRIMM, P.A.

BY:    /s/Christine E. Brimm
        Christine E. Brimm, #6313
        Brianna J. Morrison, #13392
        P.O. Box 14805
        Myrtle Beach, SC 29587
        Tele: (803) 256-6582
        Fax: (803) 779-0267
        Attorneys for the Trustee